IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,596






EX PARTE LEE TATE, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 00-10-10447-B IN THE 155TH DISTRICT COURT


FROM WALLER COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to seventy-five years' imprisonment. The Tenth Court of Appeals affirmed
his conviction. Tate v. State, No. 10-01-239-CR (Tex. App. - Waco, Delivered August 4, 2003, no
pet.) 

 On May 3, 2006, this Court remanded to the trial court for further findings regarding
Applicant's claim that his trial counsel rendered ineffective assistance because he failed to prepare
for trial, advised Applicant to waive a jury trial, and failed to interview and call alibi witnesses who
would have testified that Applicant could not have committed the offense. 

 On remand, the trial court appointed counsel for Applicant and held a hearing. At the
hearing, five witnesses testified that they were available and willing to testify at Applicant's trial,
and that they would have testified that Applicant was in Houston at the time the offense was
committed in Sealy or Brookshire. The transcript of the habeas hearing is in the supplemental
record. The trial court entered findings indicating that Applicant's original trial counsel is deceased,
and that the court cannot therefore make the findings requested by this Court on remand regarding
counsel's trial strategy and reasons for not calling the witnesses. Because the record after remand
did not contain findings as to the credibility of the witnesses who testified at the hearing, this Court
remanded to the trial court a second time to obtain such findings, and to obtain information regarding
the date upon which defense counsel died. 

 The trial court has submitted additional findings following the second remand. The trial
court finds that no evidence has been presented that the witnesses who testified at the habeas hearing
were not credible. The trial court also finds that it has no evidence as to the specific date of
counsel's death, but that it occurred "some time after Mr. Tate's trial and prior to the hearing on June
22, 2006."

 Based on the testimony of the witnesses at the habeas hearing, and on the transcript of the
original bench trial, we find that trial counsel failed to present available witnesses on Applicant's
behalf. Had counsel presented testimony from the witnesses who testified at the habeas hearing, the
result of the proceedings would likely have been different. We find, therefore, that Applicant is
entitled to a new trial. 

 Relief is granted. The judgment in Cause No. 00-10-10447 from the 155th Judicial District
Court of Waller County is set aside, and Applicant is remanded to the custody of the Sheriff of
Waller County to answer the charge against him.

 

Delivered: January 24, 2007

Do not publish